**East St. Louis Light & Power Company, Appellant, v. Swift & Company et al., Appellees.**

February term, 1930.        Opinion filed May 21, 1930.     Heard in this court at the

KRAMER, KRAMER & CAMPBELL, for appellant.

MATTHEWS & KOEGEL and POPE & DRIEMEYER, for appellees; J. R. HARMON and KENNETH L. KARR, of counsel.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant filed a bill for injunction which was dismissed for want of equity. It avers that for several years appellant has conducted a public utility under a certificate of convenience and necessity issued by the commerce commission; that it has furnished electricity to Swift & Company for its meat-packing plant under a contract which may be terminated on 30 days' notice; that said plant is within the territory covered by appellant's certificate; that the St. Louis Gas & Coke Corporation has a large manufacturing plant where it manufactures coke, iron and other products and for some time has been manufacturing gas as a by-product and that it now has electric generators in

its plant where electric power is being generated with gas products as the fuel to generate the same.

The bill avers that the said St. Louis Gas & Coke Corporation is not, and does not claim to be a public utility; that it is not a public utility as defined by the laws of this State and is not subject in any way to the jurisdiction of the Illinois Commerce Commission; that said corporation has entered into an agreement with Swift & Company to furnish electric power and energy to Swift & Company in lieu of the electric power and energy now being and heretofore furnished by appellant to it; that for several years appellant has derived an income of about $50,000 per year from the electric power and energy which it has furnished to Swift & Company; that while the said corporation is not a public utility and has no authority to conduct such a utility, it is about to invade the territory of appellant and if permitted to do so will reduce appellant's income to the extent of about $50,000 per year. Upon the filing of the bill a temporary injunction was issued. Appellees filed an answer in which they admitted all of the substantial material averments of the bill. They denied, however, that the St. Louis Gas & Coke Corporation is attempting to enter the public utilities field. They deny that said corporation is holding itself out to serve the public with electric energy.

The undisputed evidence is that the St. Louis Gas & Coke Corporation is engaged in the manufacture of pig iron and coke; that those are the major products but from which a number of by-products are produced. In the manufacture of iron and coke a large amount of coal is used and gases are removed from the coal. Until recently the gas was wasted in the air. In order to avoid that waste and to provide electric energy for its own use the corporation installed boilers and generators, the gas is burned under

steam boilers and the steam is converted into electrical energy, the major portion of which is used by the corporation in its own plant. When the generators were installed the corporation had no means of knowing what it would be able to get in the way of electrical current so it provided sufficient generating equipment, not only to take care of its immediate needs, but to provide a substantial producing capacity to take care of future developments in its plant. After the generators were installed it was found that more electrical energy was produced than the corporation needed in its plant which is not yet fully electrically equipped. That the corporation has entered into a contract with Swift & Company to supply the latter company with a portion of such excess electrical power and energy.

Upon the hearing of the cause the court dissolved the temporary injunction and dismissed the bill for want of equity. Appellant does not contend that the St. Louis Gas & Coke Corporation is operating a public utility or that it intends to do so. The contention is that although said corporation is not operating a public utility, yet in the making of the contract with Swift & Company it has entered the field occupied by appellant as a public utility and is about to deprive appellant of one of its best customers, and that it should be enjoined from so doing. It is not claimed that the said corporation installed electric generators for the sole purpose of taking this valuable customer from appellant.

We do not understand that the public utility law controls the conduct of a corporation that is not operating a public utility. Before a corporation operating a public utility and having a certificate of convenience and necessity can procure an injunction against a corporation not engaged in operating a public utility it must be made to appear that the corporation sought to be enjoined is engaged in attempting to evade the

force and effect of the Public Utility Act, Cahill's St. ch. 111a, ¶ 16 *et seq.*

We are of the opinion that the St. Louis Gas & Coke Corporation in selling a portion of its surplus electrical energy to Swift & Company is not violating any law and that even though appellant's income may be reduced thereby yet it has no cause of action. Where similar cases have arisen the courts have held against the contention now urged by appellant. *Hissem v. Guran,* 112 Ohio 59, 146 N. E. 808; *Mooney v. Tuckerman* (R. I.), 144 Atl. 891; *Towers v. Wildason,* 135 Md. 677, 109 Atl. 471.

The St. Louis Gas & Coke Corporation had the right to provide for the future growth of its business, to install electric generators of sufficient capacity to generate electricity for its own purposes that may be required by the future enlargement of its business, and it had the right to sell its excess power not needed for immediate use. *Dickman v. Madison County Light Co.,* 304 Ill. 470.

Appellant contends that in selling electrical energy to Swift & Company the St. Louis Gas & Coke Corporation is exceeding its charter powers and that by reason thereof appellant is damaged and may maintain a suit for injunction. That corporation is licensed "to manufacture, produce, buy, sell and generally deal in iron, steel, copper, manganese, metals, metallic compounds, ores, coal, limestone, coke, charcoal, chemicals, paints, dyes, gas, tar, oils, lumber, and other materials, and any and all articles consisting or partly consisting thereof, and all products and by-products which are or may be produced, processed, or manufactured therefrom in whole or in part." We cannot agree with appellant's contention that the said corporation acted beyond its charter powers in making the contract with the Swift Company. The decree of the circuit court is affirmed.

*Affirmed.*